IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

PATRICIA ANN WARD,

    Plaintiff,

v.  No. 16-1169

NANCY A. BERRYHILL, Commissioner
of Social Security,[1]

    Defendant.

_____

ORDER AFFIRMING THE DECISION OF THE COMMISSIONER
_____

## I. Introduction and Procedural Background

Before the Court is the Social Security claim of Plaintiff, Patricia Ann Ward, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of Nancy A. Berryhill, Commissioner of Social Security ("Commissioner"), denying her claim for disability insurance benefits. On March 29, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging a disability onset date of January 5, 2013. (Docket Entry ("D.E.") 13-3 at PageID 47.) Her claim was initially denied on June 27, 2013, and again on August 26, 2013, following reconsideration. (*Id.*) On September 10, 2013, Ward requested a hearing before an Administrative Law Judge ("ALJ"), which was conducted on November 12, 2014. (*Id.*) The ALJ, Marty S. Turner, issued an unfavorable decision on December 4, 2014. (*Id.*) Plaintiff appealed the ALJ's decision, and that ruling became the final decision of the Commissioner when the Appeals Council denied Claimant's appeal on April 21, 2016. (*Id.* at

---

[1]Nancy A. Berryhill is currently the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

PageID 37). She later timely filed this action seeking the Court's review of the ALJ's decision. (D.E. 1.)

## II. Standard of Review

A federal court's review of the Social Security Administration's denial of a claim for benefits "is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). "Substantial evidence requires more than a mere scintilla but less than a preponderance; substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (internal quotation marks omitted). "If substantial evidence supports the ALJ's decision, then reversal is unwarranted even if substantial evidence backs the opposite conclusion." *Turk v. Comm'r of Soc. Sec.*, 647 F. App'x 638, 639 (6th Cir. 2016) (citing *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)).

To establish eligibility for disability benefits, an applicant must show an inability to engage in any substantial gainful activity resulting from a long-lasting impairment. 42 U.S.C. §§ 1382c(a)(3)(A) & 423(d)(1)(A); *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 903 (6th Cir. 2016). The Social Security Act (the "Act") places the burden of establishing entitlement to benefits on a claimant. *Oliver v. Comm'r of Soc. Sec.*, 415 F. App'x 681, 682 (6th Cir. 2011). Thus, a claimant bears the burden of proving that she has a disability within the meaning of the Act. *Siebert v. Comm'r of Soc. Sec.*, 105 F. App'x 744, 746 (6th Cir. 2004) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). If a claimant meets this burden, the Commissioner is charged with demonstrating that employment is available despite her disability and background. *Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990).

The Social Security Administration employs a five-step sequential inquiry when processing applications for disability benefits:

> (1) Does the claimant show she is not engaged in substantial gainful activity? (2) Does the claimant have a severe impairment? (3) Does the impairment meet any one of the items on a list of impairments presumed severe enough to render one disabled? (4) Can the claimant perform her past jobs? (5) Can the claimant perform other jobs that exist in significant numbers in the national economy?

*Taskila*, 819 F.3d at 903 (internal quotation marks omitted).

### III. The Administrative Decision

On December 4, 2014, the ALJ issued a decision denying Ward's application for disability insurance benefits. (D.E. 13-3 at PageID 47.) ALJ Turner determined that Claimant met the insured status requirements of the SSA and that she had not engaged in substantial gainful activity since the alleged onset date, January 5, 2013. (*Id.* at PageID 49.) He further found that her regional pain syndrome ("RPS") and prior arthropathies were severe impairments within the meaning of 20 C.F.R. 404.1520(c). (*Id.*) However, the ALJ concluded that Plaintiff's impairments were not severe enough to "meet or medically equal the criteria of an impairment listed in 20 C.F.R Part 404, Subpart P, Appendix 1." (*Id.*) Next, ALJ Turner assessed that Ward had the residual functional capacity ("RFC") to perform light work, with limitations of lifting one pound with her non-dominant upper extremity. (*Id.* at PageID 49-50.) He further found that she could not push/pull or handle or finger with her non-dominant upper extremity but that she could use it for guidance. (*Id.* at PageID 50.) Based on these findings, the ALJ determined that Plaintiff was unable to perform her past relevant work, which included jobs as a sitter, cook, data entry clerk, and nurse assistant. (*Id.* at PageID 52.)

The ALJ then considered whether there were significant jobs in the national economy that Claimant could perform. (D.E. 13-3 at PageID 52.) In making this determination, ALJ

3

Turner consulted a vocational expert ("VE"). The judge asked the VE whether, in light of Ward's RFC as well as her age, education, and past work experience, there were "jobs in the national economy that [Claimant] could perform." (*Id.* at PageID 73.) In response, the VE stated that Ward could perform the work of a gate guard, with 5,000 jobs nationwide and 1,000 in Tennessee; survey worker, with 205,000 jobs nationwide and 800 in Tennessee; and mail clerk, with 120,000 jobs nationwide and 700 in Tennessee. (*Id.* at PageID 73-75.) The ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, the claimant [was] capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (*Id.* at PageID 53.) Accordingly, the judge made a finding that Plaintiff was not disabled. (*Id.*)

## IV. Analysis

In the present action, Ward contends that the ALJ erred in concluding that the jobs of gate guard, mail clerk, or survey worker exist in significant numbers in the national economy. Under the Regulations, "work exists in the national economy when it exists in significant numbers either in the region where [the claimant] live[s] or in several other regions of the country." 20 C.F.R. § 404.1566(a). There is no bright line boundary separating a "significant number" from insignificant numbers of jobs. *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988). What constitutes a significant number of jobs is to be determined on a case-by-case basis. *Id.* In making its determination, the court should consider "the level of claimant's disability; the reliability of the [VE's] testimony; the reliability of the claimant's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work; and so on." *Id.*; *see also Born*, 923 F.2d at 1174. These factors are suggestions only; the ALJ is not required to explicitly consider each factor. *Harmon*

*v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999). "The decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Hall*, 837 F.2d at 275.

"[W]hen there is testimony that a significant number of jobs exists for which a claimant is qualified, it is immaterial that this number is a small percentage of the total number of jobs in a given area." *Hall*, 837 F.2d at 275. The Regulations state that "[i]t does not matter whether . . . (1) [w]ork exists in the immediate area in which you live; (2) [a] specific job vacancy exists for [the claimant]; or (3) [the claimant] would be hired if [she] applied for work." 20 C.F.R. § 416.966(a). "The Act, its legislative history and the regulations make it clear that the test is whether work exists in the national economy, not in plaintiff's neighborhood." *Harmon*, 168 F.3d at 292.

Plaintiff avers that she lives in Jackson, Tennessee and cannot drive long distances due to pain and swelling from her RPS. (D.E. 18 at PageID 445.) She asserts that there is no proof in the record that any of the jobs identified by the VE are available in the area where she lives. (*Id.*) She further argues that the VE did not specify other regions of the country where those jobs are available. (*Id.*) Thus, she concludes, the ALJ's decision was not supported by substantial evidence. (*Id.*)

In *Harmon v. Apfel*, the plaintiff made a similar argument, which the Sixth Circuit rejected. 168 F.3d 289 (6th Cir. 1999). In that case, a VE opined that there were 700,000 jobs nationally and 700 jobs within a 75-mile radius of plaintiff's home that she could perform. *Id.* at 291. On appeal, the claimant contended that her disability "prevent[ed] her from traveling to most of those jobs and that inability to travel is a factor in determining whether [she was] disabled within the meaning of the [SSA]." *Id.* Upon review, the court explained that the SSA

required *either* that work exists in significant numbers in the region where an applicant lives *or* in several regions of the country. *Id.* at 292 (citing 42 U.S.C. § 423(d)(2)(A)). With respect to her claim that her disability affected her ability to travel to jobs that were available, the court noted that "individual considerations extrinsic to the disability itself cannot enter into a finding of disability." *Id.* at 292-93 (citing *Lopez Diaz v. Sec'y of Health, Educ. And Welfare*, 585 F.2d 1137, 1140 (1st Cir. 1978) ("A person, otherwise able to work, is in effect offered a choice: he can choose either to commute the distance to his job or he can move closer and avoid the expense and inconvenience.") In other words, while "travel to and from work is a factor to be considered, it refers to intrinsic factors concerning plaintiff's condition, not extrinsic factors such as where plaintiff has chosen to live in relation to any identified regional jobs." *Id.* at 292. Despite recognizing and being "sympathetic to plaintiff's plight, the law [was] clear that [the court could] not base [its] decision on plaintiff's argument." *Id.* at 293.

The VE testified that there were 330,000 jobs nationwide and 2,500 in Tennessee in three occupations that Ward is able to perform. Although enumerating exactly what constitutes a significant number of jobs is a "difficult task," other courts' decisions support a finding that the number of available jobs identified by the VE in this case is significant. *See Taskila*, 819 F.3d at 905 (finding 6,000 jobs nationally was significant); *Harmon*, 162 F.3d at 292 (concluding that 700 jobs regionally was significant where 700,000 jobs existed nationally); *Bishop v. Shalala*, 64 F.3d 662, at *2 (6th Cir. 1995) (unpublished table decision) (determining that 16,400 available jobs was a significant number); *Born*, 923 F.2d at 1174 (finding that 1,350-1800 jobs in local economy constituted a significant number). Additionally, Ward's focus on her inability to travel long distances is misplaced. The location Plaintiff has chosen to live in relation to available jobs is an extrinsic factor, and is irrelevant to a disability determination. *See Harmon*, 168 F.3d at

293. In sum, the VE's testimony provided substantial evidence that Claimant is not disabled, and the ALJ's denial of her request for benefits was proper. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512-13 (6th Cir. 2010) ("Substantial evidence may be produced through reliance on the testimony of a vocational expert (VE) in response to a hypothetical question, but only if the question accurately portrays [a claimant's] individual physical and mental impairments.") (internal quotations and citation omitted).

## V. Conclusion

Based on the foregoing and the record as a whole, the decision of the Commissioner is AFFIRMED.

**IT IS SO ORDERED** this 7th day of June 2017.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE